UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
MAY 25 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DONNELL JOSEPH MORRIS,

    Petitioner,

v.                                       Case No. 2:10cv355

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

It is further ORDERED that the petition shall be deemed amended to substitute Harold W. Clarke, Director of the Virginia Department of Corrections, as sole respondent.[1] See Rule 2(a) of

---

[1] Harold W. Clarke replaced Gene M. Johnson as Director of the Virginia Department of Corrections on October 8, 2010.

the Rules Governing Section 2254 Cases in the United States District Courts (following 28 U.S.C. § 2254).

## I. STATEMENT OF THE CASE

### A. Background

Following a bench trial, petitioner Donnell Joseph Morris was convicted in the Circuit Court of the City of Newport News of robbery on July 6, 2006. On March 7, 2008, Morris was sentenced to serve a term of twenty years in prison, with ten years suspended. Morris appealed his sentence to the Virginia Court of Appeals, which affirmed his conviction on August 21, 2008. Morris further appealed to the Supreme Court of Virginia, which refused his petition for appeal on January 8, 2009.

On February 26, 2008, Morris filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, while criminal proceedings were still pending before the Circuit Court for the City of Newport News. On January 29, 2009, the Supreme Court of Virginia dismissed this petition without prejudice as premature.

On January 4, 2010, after his conviction had become final, Morris filed a subsequent petition for a writ of habeas corpus with the Supreme Court of Virginia.[2] On March 31, 2010, the Supreme

---

[2] The Court notes that Morris filed another state habeas petition on May 19, 2008, which did not attack the instant state court judgment, but rather a disciplinary conviction incurred while Morris was jailed pending sentencing. This petition was dismissed by the Supreme Court of Virginia as frivolous on June 9, 2008, and rehearing was denied on September 17, 2008.

Court of Virginia dismissed this petition pursuant to Virginia Code § 8.01-654(B)(2), and rehearing was denied on June 16, 2010.

On July 12, 2010, while in the custody of the Virginia Department of Corrections at the Deerfield Correctional Center, Morris submitted for filing the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] ECF No. 1. On October 22, 2010, the respondent filed his Rule 5 answer, a motion to dismiss accompanied by a supporting brief, and a Roseboro notice pursuant to Local Civil Rule 7(K). ECF Nos. 15-18. On December 2, 2010, the Court received and filed Morris's unsigned brief in opposition to the motion to dismiss.[4] ECF No. 21.

---

The Court further notes that Morris filed no fewer than four prior federal habeas petitions with this Court during the pendency of his criminal case, each of which was dismissed without prejudice for failure to exhaust remedies. Morris also filed a petition for a writ of actual innocence, which ultimately was denied and dismissed on appeal by the Supreme Court of Virginia on December 10, 2007, and rehearing was denied on April 1, 2008, and a petition for mandamus, which was denied by the Supreme Court of Virginia on April 1, 2008 for failure to timely perfect his appeal.
None of these other state or federal petitions is relevant to disposition of the current federal habeas petition.
[3] Morris's petition was received and docketed in this Court on July 19, 2010, but the petition includes a notarized statement that it was deposited in the prison mail system on July 12, 2010, and thus effectively filed that day. See R. 3(d) foll. 28 U.S.C. § 2254.
[4] With respect to future filings in this case, the petitioner is ADMONISHED that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a) (emphasis added). The use of a typed "/s/" signature in lieu of a handwritten signature is permitted only in conjunction with electronic filing by authorized ECF filing users. See E.D. Va. ECF Policies & Procedures Manual 28, http://www.vaed.uscourts.gov/ecf/E-FilingPoliciesandProcedures-

## B. Grounds Alleged

Morris now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 because:

(a) There was a fatal variance between the indictment and the proof offered at trial;

(b) Morris was denied his Sixth Amendment right to confront the alleged victim;

(c) The indictment, as amended, was unconstitutionally vague inasmuch as it failed to identify his alleged victim by name;

(d) The evidence presented at trial was insufficient to establish Morris's guilt beyond a reasonable doubt; and

(e) Morris was mentally incompetent at the time of his trial.

Morris asserted claims (a), (b), and (d) in his initial state habeas petition, which was dismissed without prejudice by the Supreme Court of Virginia as premature, having been filed prior to sentencing by the trial court.

Morris asserted claims (d) and (e) on direct appeal to the Virginia Court of Appeals, which denied both claims on the merits. The Supreme Court summarily refused Morris's subsequent petition for appeal with respect to these claims.

---

new.htm. The submission of future unsigned papers may result in the Court striking such papers. See Fed. R. Civ. P. 11(a).

Morris asserted claims (a), (b), (c), and (d) in his second state habeas petition, which was dismissed by the Supreme Court of Virginia pursuant to Virginia Code § 8.01-654(B)(2).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Procedural Default

Ordinarily, a federal court will not review a claim that is procedurally defaulted. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Notwithstanding procedural default, a federal court may review habeas claims where the petitioner can demonstrate cause for the default and actual prejudice as a result, or that failure to review the claims will result in a fundamental miscarriage of justice. Id.; Thomas v. Davis, 192 F.3d 445, 450 n.2 (4th Cir. 1999).

The Supreme Court of Virginia found Morris's claims (a), (b), and (c)[5] to be procedurally defaulted pursuant to Virginia Code § 8.01-654(B)(2), which provides that "claims not raised in an initial state habeas petition cannot generally be raised in subsequent state habeas petitions." Claggett v. Angelone, 209 F.3d

---

[5] The Court notes that Morris also raised claim (d) in both of his state habeas petitions, but this claim is separately addressed below, as it was considered and rejected on the merits by the Virginia courts on direct appeal.

- 5 -

370, 379 (4th Cir. 2000). The Fourth Circuit has previously recognized that Virginia Code § 8.01-654(B)(2) constitutes an independent and adequate state procedural rule. See id. Accordingly, claims (a), (b), and (c) are procedurally defaulted before this Court.[6]

Morris invokes the cause and prejudice exception to procedural default, asserting ineffective assistance of counsel as cause for his default. In particular, Morris argues that the procedural default should be excused because, in preparing his most recent state habeas petition, he relied on the assistance of an institutional attorney who provided him with bad advice. Br. in Opp'n 8-9, ECF No. 21. But "[t]here is no constitutional right to an attorney in state post-conviction proceedings," and consequently, attorney error in a state habeas proceeding does not constitute "cause" under the cause and prejudice test. Coleman, 501 U.S. at 753-54; see also Mackall v. Angelone, 131 F.3d 442, 449

---

[6] The Court notes that, notwithstanding the Virginia Supreme Court's dismissal of Morris's second state habeas petition pursuant to Virginia Code § 8.01-654(B)(2), it appears that claims (a) and (b) were in fact raised in Morris's initial state habeas petition. But this Court is "not at liberty to question a state court's application of a state procedural rule because a state court's finding of procedural default is not reviewable if based upon an adequate and independent state ground." Burket v. Angelone, 208 F.3d 172, 184 (4th Cir. 2000) (citing Harris v. Reed, 489 U.S. 255, 262 (1989), and Barnes v. Thompson, 58 F.3d 971, 974 n.2 (4th Cir. 1995)). In any event, having reviewed the petition, the motion to dismiss and Morris's response, and the underlying state court decisions in detail, the Court is of the opinion that claims (a) and (b) are entirely without merit.

(4th Cir. 1997). Therefore, Morris has failed to establish cause and prejudice, and he has neither alleged nor established miscarriage of justice. See generally Schlup v. Delo, 513 U.S. 298, 327 (1995).

Accordingly, the Court FINDS that claims (a), (b), and (c) were procedurally defaulted in state court pursuant to an independent and adequate state rule, and, in the absence of any showing of cause and prejudice or miscarriage of justice,[7] they are likewise procedurally defaulted in this Court. The Court therefore recommends denying the petition with respect to claims (a), (b), and (c).

## B. Sufficiency of the Evidence

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of

---

[7] It is the petitioner's burden to raise these issues. See Wright v. Angelone, 151 F.3d 151, 160 (4th Cir. 1998).

state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000); see also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams"). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. Moreover, any factual findings made by the state court are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

Because the Supreme Court of Virginia summarily refused Morris's petition for appeal, this Court looks to the disposition of his direct appeal to the Virginia Court of Appeals as the last reasoned state judgment on these claims. Ylst v. Nunnemaker, 501

U.S. 797, 803 (1991). On direct appeal, the Virginia Court of Appeals considered Petitioner's claim (d), that the evidence presented at trial was insufficient to find him guilty of robbery beyond a reasonable doubt. In particular, Morris argued on appeal that because the victim did not testify at trial, the Commonwealth failed to submit sufficient evidence to prove that the victim had a superior right of possession of the items taken by Morris.[8]

In denying Morris's insufficient evidence claim, the state court noted that, under Virginia law, a conviction may be supported by circumstantial evidence alone. See Morris v. Commonwealth, Record No. 0857-08-1, slip op. at 1-2 (Va. Ct. App. Aug. 21, 2008) (per curiam) (citing Lyons v. City of Petersburg, 266 S.E.2d 880, 881 (Va. 1980), and Haskins v. Commonwealth, 602 S.E.2d 402, 404 (Va. 2006)). The state court further noted that, under Virginia law, "[t]he very fact that property is taken by the use of . . . violence or threatened violence, is, within and of itself, sufficient to show that the person from whom it was taken was in possession thereof." Id. at 2 (quoting Johnson v. Commonwealth, 211 S.E.2d 71, 72 (Va. 1975)). The state court then considered the trial testimony of two eyewitnesses, one of them a police

---

[8] The elements of the crime of robbery, as identified by the Virginia Court of Appeals, are: "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Morris v. Commonwealth, Record No. 0857-08-1, slip op. at 2 (Va. Ct. App. Aug. 21, 2008) (per curiam) (quoting Commonwealth v. Hudgins, 611 S.E.2d 362, 365 (Va. 2005)).

detective, who observed Morris "swinging a 'metallic object with a blue handle,' which the detective 'believed to be a cutting instrument,'" and "'grabb[ing] the necklaces off [the victim's] neck,'" and found this evidence sufficient to support Morris's conviction for robbery. Id. at 2.

Because the Court of Appeals clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. See 28 U.S.C. § 2254(d). There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale would appear to be a reasonable application of Jackson v. Virginia, 443 U.S. 307 (1979), which provides the controlling standard for evaluating insufficient evidence claims. See id. at 319 (holding that, on federal habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (emphasis in original). Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Accordingly, the Court FINDS that Morris's claim (d) was previously adjudicated on the merits by the Virginia Court of Appeals on direct appeal, and that there is no indication from the record that this adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. The Court therefore recommends denying the petition with respect to claim (d).

### C. Mental Incompetence

The Virginia Court of Appeals also considered Morris's claim (e), asserting that he was mentally incompetent at the time of trial, on direct appeal. In particular, Morris argued on appeal that the trial court erred in denying his motion, filed after conviction but before sentencing, to set aside his robbery conviction on the ground that he was mentally incompetent at the time of trial.

In denying Morris's mental incompetence claim, the state appellate court noted that, after having been tried and convicted for robbery on July 6, 2006, Morris's defense counsel moved for an evaluation of his mental competency on October 27, 2006. Morris, slip op. at 3. Pursuant to Virginia Code § 19.2-176(A), the trial court ordered that a mental evaluation of Morris be conducted by a licensed clinical psychologist, who ultimately opined in December 2006 that Morris was incompetent to stand trial at that time. Id.

The trial court ordered Morris committed to Central State Hospital for treatment to restore him to competency to stand trial. Id. On April 13, 2007, the Court received a report from Central State Hospital opining that Morris was competent to stand trial and be sentenced. Id. On March 7, 2008, Morris was sentenced by the trial court. The appellate court further noted that neither mental evaluation concluded that Morris had been incompetent to stand trial as of July 6, 2006, and that there was no evidence that Morris was incompetent on the date of his sentencing. Id.

Because the Virginia Court of Appeals clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.[9] See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. See 28 U.S.C. § 2254(d). There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale would appear to be a reasonable application of Dusky v. United States, 362 U.S. 402

---

[9] Nevertheless, the Court notes that Morris was not committed for treatment until April 2007, that he was deemed competent and discharged a mere three days later, and that the trial court expressly found that Morris was competent at the time of his July 2006 trial and suggested that Morris was never actually incompetent at any time. See Appellant's Pet. for Appeal 23-27, Morris v. Commonwealth, Record No. 0857-08-1 (Va. Ct. App. May 14, 2008) (quoting transcript of trial court ruling denying motion to set aside conviction), ECF No. 17 attach. 10.

(1960), Pate v. Robinson, 383 U.S. 375 (1966), and Drope v. Missouri, 420 U.S. 162 (1975), which provide the controlling standard for evaluating claims asserting mental incompetence to stand trial. See generally Walton v. Angelone, 321 F.3d 442, 459-60 (4th Cir. 2003) (summarizing standard for procedural and substantive competency claims under the Due Process Clause of the Fourteenth Amendment). Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.[10]

Accordingly, the Court FINDS that Morris's claim (e) was previously adjudicated on the merits by the Virginia Court of Appeals on direct appeal, and that there is no indication from the record that this adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. The Court therefore recommends denying the petition with respect to claim (e).

### III. CONCLUSION

---

[10] Indeed, as the Supreme Court has itself recently observed in a related context, mental competency can vary over time, such that a defendant who is incompetent to stand trial at one point may be competent at other times. See Indiana v. Edwards, 554 U.S. 164, 175 (2008) ("Mental illness itself is not a unitary concept. It varies in degree. It can vary over time. It interferes with an individual's functioning at different times in different ways.").

Morris's claims (a), (b), and (c) are procedurally defaulted in state court pursuant to an independent and adequate state rule, and, in the absence of any showing of cause and prejudice or miscarriage of justice, they are likewise procedurally defaulted in this Court. Morris's claims (d) and (e) were previously adjudicated on the merits by the Virginia Court of Appeals on direct appeal, and that there is no indication from the record that this adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. The Court therefore recommends that the instant petition be denied and dismissed with prejudice.

## IV. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the respondent's motion to dismiss (ECF No. 15) be GRANTED, Morris's petition for writ of habeas corpus (ECF No. 1) be DENIED, and all of Morris's claims be DISMISSED WITH PREJUDICE.

## V. REVIEW PROCEDURE

By copy of this report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this

report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 25, 2011

CLERK'S MAILING CERTIFICATE

A copy of the foregoing United States Magistrate Judge's Report and Recommendation was mailed this date to the following:

Donnell Joseph Morris, #1205225
Deerfield Correctional Center
21360 Deerfield Drive
Capron, Virginia 23829

Benjamin H. Katz
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

May 25, 2011