**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

DONNELL JOSEPH MORRIS,

    Petitioner,

v.                       Case No.: 2:10cv355

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

**FINAL ORDER**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court of the City of Newport News, Virginia, of robbery, as a result of which he was sentenced to serve a term of twenty years in prison, with ten years suspended.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on May 25, 2011, recommending that the petition be denied and dismissed with prejudice. ECF No. 25. By copy of the report, each party was advised of his

right to file written objections to the findings and recommendations made by the magistrate judge. On July 12, 2011, the Court received and filed the petitioner's written objections.[1] ECF No. 28. The respondent filed no response to the petitioner's objections.

First, the petitioner responds to the magistrate judge's finding that he had not effectively invoked the cause and prejudice exception to procedural default by attempting now to invoke the miscarriage of justice exception to procedural default. In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court of the United States recognized an exception to procedural default "for situations in which a petitioner's incarceration represents a 'fundamental miscarriage of justice.'" Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010) (quoting Schlup, 513 U.S. at 324). "This exception excuses a procedural default where 'a constitutional violation has probably resulted in the

---

[1] On June 7, 2011, the Court granted the petitioner's request for an extension of time, directing that the petitioner's written objections be filed no later than July 11, 2011. ECF No. 27. The Court notes that the petitioner's objections were received and filed one day late on July 12, 2011. The petitioner failed to effectively invoke the prison mailbox rule by including a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement that his written objections were deposited in the prison mail system on or before July 11, 2011, so his written objections were untimely filed. See R. 3(d) foll. 28 U.S.C. § 2254. The Court nevertheless will exercise its discretion and consider the petitioner's objections on the merits.

conviction of one who is actually innocent.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup, 513 U.S. at 324; see also id. at 332 (5-4 decision) (O'Connor, J., concurring) (explaining that a petitioner must demonstrate a fundamental miscarriage of justice with "newly discovered evidence of innocence"); Cherrix v. Braxton, 131 F. Supp. 2d 756, 769 (E.D. Va. 2001) (holding that the miscarriage of justice exception to procedural default must be based on "newly-discovered evidence" of actual innocence). Ultimately, "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327.

Here, the petitioner recites the words "fundamental miscarriage of justice" and claims that he is actually innocent of the crime for which he was convicted, but he submits no new evidence whatsoever, instead merely restating the same facts and arguments previously presented to this Court, and to the state courts before that.[2] Accordingly, the petitioner's objection

---

[2] Indeed, the Court notes that much of his written objections on this point consist of photocopied pages taken from

3

with respect to the magistrate judge's finding that his claims (a), (b), and (c) are procedurally defaulted is OVERRULED.

The remainder of the petitioner's written objections simply reiterate facts and arguments on the merits of his claims. In fact, the remainder of his written objections consist almost entirely of photocopied pages of a brief previously filed in his direct appeal. As the magistrate judge noted in his report, the petitioner's claims (d) and (e) were denied on the merits on direct appeal to the Virginia Court of Appeals. There is nothing in the record, nor has the petitioner identified anything in his objection, to suggest that this adjudication on the merits by the Virginia Court of Appeals was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. Accordingly, the petitioner's remaining objections are OVERRULED.

The Court, having reviewed the record, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on May 25, 2011 (ECF No. 25), and it is, therefore, ORDERED that the respondent's motion to dismiss (ECF No. 15) be GRANTED and that the petition be DENIED AND DISMISSED WITH PREJUDICE for the

---

briefs filed in the underlying state proceedings.

4

reasons stated in the report. It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this <u>final</u> <u>order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to the petitioner and to counsel of record for the respondent.

/s/
Raymond A. Jackson
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
*August* 1, 2011